[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
 FACTS
The plaintiff, Luz Raquel Aponte, brings this action against the defendant, Alamo Rent-A-Car, alleging negligence pursuant to General Statutes § 14-454a. The plaintiff, a resident of Puerto Rico, was injured on January 13, 2000, while riding as a passenger in a vehicle being operated by Hector Baez, a Connecticut resident, which was rented to Baez by the defendant in Connecticut. The alleged incident causing the injuries occurred in Pennsylvania, which does not have a statue which allows rental car companies to be held liable for the negligence of its renters.
The defendant moves for summary judgement in the present case claiming that this court must apply the substantive law of Pennsylvania, the place of the injury, and that therefore, in the absence of a vicarious liability statue, the defendant cannot be held liable. The plaintiff claims that this court should apply the law of Connecticut, under which the defendant may be held liable under the statute.
Under a choice of law analysis grounded in the law of torts, Connecticut law would appear to be applicable in this action. It is true that in Connecticut our Supreme Court has traditionally adhered to the doctrine that the substantive rights and obligations arising out of a tort controversy are determined by the law of the place of injury, or lex loci delicti. O'Connor v. O'Connor, 201 Conn. 632 637, 519 A.2d 13 (1986) However, in Williams v. State Farm Mutual Automobile Ins. 229 Conn. 359,641 A.2d 783 (1994), it was recognized that, in certain circumstances in which the traditional doctrine does not apply, the better rule is the analysis contained in the Restatement (Second) of the conflict of Laws Id., 370. The Restatement lists the contacts of each jurisdiction that are factors in determining the choice of law which include: (a) the place of injury; (b) the place where the conduct causing the injury occurred; (c) the domiciles of the parties; and (d) the place where the relationship, if any, between the parties is centered.
Applying the Restatement approach, Connecticut has the most significant relationship to the occurrence and the parties. Ficarra v. Akers, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345685 (August 30, 1999, Nadeau, J.) (25 Conn.L.Rptr. 336); Downing v.CT Page 1297-drJameson, Superior Court, judicial district of Danbury, Docket No. 323910 (November 13, 1998, Radcliffe, J.) (23 Conn.L.Rptr. 358); Kolpa-Ackerv. Hertz Rent-A-Car, Superior Court, judicial district of Litchfield, Docket No. 064111 (August 7, 1995, Pickett, J.) (15 Conn.L.Rptr. 9). The operator of the vehicle is a Connecticut resident; the relationship between the parties arose in Connecticut; and the vehicle was rented to Baez in Connecticut.
 CONCLUSION
Defendant's motion for summary judgment is denied.
 ___________________ Wagner J. TJR